IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**KIANTE M. SIMMONS,**
       **Petitioner,**

v.                                                 **CIVIL ACTION NO.: 3:19-CV-36**

**FREDERICK ENTZEL, Warden**
       **Respondent.**

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On March 14, 2019, Petitioner acting pro se filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241.[1] The Court issued a notice of deficient pleading because although the petition was filed on the Court-approved form, Petitioner failed to complete the form according to the instructions. ECF No. 4. On April 1, 2019, Petitioner refiled the Court-approved form, which was completed as instructed. (the "Petition"). ECF No. 8. Petitioner is a federal inmate housed at Hazelton FCI who is challenging[2] his custody level classification by the Federal Bureau of Prisons ("BOP").

The matter is now before the undersigned for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed without prejudice.

---

[1] All ECF numbers refer to entries in the docket of Civil Action No. 3:19-CV-36, unless otherwise noted.

[2] Although Petitioner indicates on the Court-approved form that he is challenging his prison disciplinary proceedings, in the space provided to articulate his grounds for relief, Petitioner states "the DSCC (Designations and Sentence Computation Center) of Federal Bureau of Prisons placed a greater security management variable on me." ECF No. 8 at 1, 5.

## II. FACTS

### A. Conviction and Sentence[3]

On November 9, 2015, Petitioner entered a plea of guilty in the Central District of Illinois to possession with intent to distribute controlled substances as charged in Counts 1 and 2 of the indictment, case number 1:15-CR-10012. ECF No. 19. On February 4, 2016, Petitioner was sentenced to a total term of 120 months, as to Counts 1 and 2, to be served concurrently to one another. ECF No. 28.

Petitioner did not appeal.

### B. Instant 2241 Petition

Petitioner's single claim for relief is that he was improperly evaluated by the Designations and Sentence Computation Center of the BOP resulting in Petitioner being incarcerated in a higher security level facility. ECF No. 8 at 5. For relief, Petitioner requests that the Court remove the greater security management variable placed on him by the DSCC of the BOP. Id. at 8.

## III. LEGAL STANDARD

### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the

---

[3] The facts in section II.A. are taken from the docket of Petitioner's criminal case, Case Number 1:15-CR-10012 in the Central District of Illinois, which is available on PACER. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.'").

2

petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; <u>see also</u> Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

B.  Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in <u>Neitzke</u> recognized that:

> Section 1915(d)[4] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual

---

[4] The version of 28 U.S.C. § 1915(d) which was effective when <u>Neitzke</u> was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

3

contentions are clearly baseless.

490 U.S. at 327.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

### IV. ANALYSIS

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions. Failure to exhaust may only be excused upon a showing of cause and prejudice." McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (citing Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634-35 (2d Cir.2001), Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981)). Exhaustion as provided in § 1997e(a) is mandatory, regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). Because exhaustion is a prerequisite to suit, all available

administrative remedies must be exhausted *prior to* filing a complaint in federal court. Porter v. Nussle, 534 U.S. 516, 524 (2002) (citing Booth, 532 U.S. at 741). "Those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524.

Although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, if the failure to exhaust is apparent from the face of the complaint, the court has the authority under 28 U.S.C. § 1915 to dismiss the case sua sponte. Custis v. Davis, 851 F.3d 358, 361 (2017) ("A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies.")

The petition clearly states that administrative proceedings are "still pending." ECF No. 8 at 7. Pursuant to McClung, failure to exhaust may only be excused upon a showing of cause and prejudice. Petitioner claims that exhaustion is futile, requests that the Court excuse his failure to exhaust based on "DSCC's inability to override itself" because he is suffering an "irreparable harm by continu[ing] to be housed in a medium level facility when policy requires him to be at a low [level facility]". ECF Nos. 8 at 8, 8-1 at 4. As recognized in Carmona, supra, which was cited by the Fourth Circuit in its opinion in McClung:

> [T]he interests of judicial economy and accuracy are served by requiring that, absent a showing of cause and prejudice, appeals proceed in the first instance through the federal agency review process. Following the administrative procedures could potentially obviate the need for judicial review, or at a minimum, develop the factual record at the agency level at a time when the disputed events are still relatively fresh in witnesses' minds. In this sense, it is the analogue of the exhaustion of state remedies requirement for a state prisoner seeking federal habeas review, and the

5

> results governing failure to take this path should be the same.
>
> Administrative autonomy is also served by requiring that a federal prisoner justify his failure to exhaust his intra-Bureau remedies. When, however, legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies, the standard we adopt excuses this failure to exhaust.

Carmona, 243 F.3d at 634 (internal citations omitted). The cause cited by Petitioner is that the decisions of the DSCC has caused him to be housed at a higher security classification than is warranted. The prejudice Petitioner cites is his placement at the higher security facility. Petitioner does not assert that he is precluded from pursuing his administrative remedies, but merely claims that his efforts would be futile. His argument fails to meet the standard required to excuse exhaustion of the administrative remedies available to him.

The failure to exhaust is clear on the face of the petition. Because Petitioner cannot demonstrate cause and prejudice necessary to overcome his obligation to exhaust, sua sponte dismissal of this action is appropriate.

Further, to the extent that Petitioner alleges that the BOP improperly changed his security classification, the same is not cognizable in a habeas petition. A federal prisoner has no constitutional right to a specific custodial security classification. Moody v. Daggert, 429 U.S. 78, 88, n 9 (1978). An inmate's classification is administrative and prison officials can change an inmate's security classification "for almost any reason or no reason at all." Brown v. Ratledge, No. 7-16-CV-00303, 2017 WL 4404248, at *7 (W.D. Va. Sept. 29, 2017, aff'd, 709 F. Appx. 215 (4th Cir. 2018) (per curiam) (unpublished) (citations omitted). Moreover, any challenge to a custody or security

6

classification is not cognizable in a 2241 habeas petition because such a challenge addresses the conditions of confinement and not the fact or duration of incarceration. See Moore v. Driver, No. 1:07CV166, 2008 WL 4661478, at 3 (N.D.W. Va. Oct. 21, 2008) (an inmate "cannot bring his claim regarding his custody classification in the context of § 2241 petition, because § 2241 petitions generally cannot be used to challenge conditions of confinement") (citing Preiser, 411 U.S. at 499-500).

Because the sole issue raised by Petitioner is his security classification, a subject which is not appropriate for disposition through a § 2241 proceeding, this case should be dismissed for failure to state a claim upon which relief may be granted.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 8] be **DENIED** and that the § 2241 proceeding be **DISMISSED WITH PREJUDICE**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver**

**of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED:** May 17, 2019

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE